SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X
 RONALD FOREMAN,

     Plaintiff,

  -against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,

     Defendant.
-----------------------------------------------------------X

Index No.
Date Purchased:

Plaintiff designates Kings County as the place of trial

**SUMMONS**

The basis of the venue is:
Defendant's Principal Place of business.

Plaintiff resides: 32-150 Piha Kahuku Road, Nicole, HI 96773

To the above named Defendant:

 You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
   December 14, 2017

Yours, etc.,

STEWART LEE KARLIN
LAW GROUP, PC

**ATT: CORPORATION COUNSEL**
Defendant's Address
100 Church Street
New York, NY 10007

 /Stewart Lee Karlin
STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
111 John Street, 22nd Floor
New York, New York 10038
(212) 792-9670
slk@stewartkarlin.com

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X

RONALD FOREMAN,

                      Plaintiff,                          **Index No.**

   -against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK AND THE BOARD
OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW
YORK,

                      Defendant.
-------------------------------------------------------------X

## COMPLAINT WITH JURY DEMAND

      Plaintiff, RONALD FOREMAN, (Mr. Foreman) by his attorney, STEWART LEE KARLIN, ESQ., for his complaint herein alleges as follows:

      1.      This is a civil action pursuant to the Americans with Disability Act (herein "ADA") and the Family Medical Leave Act (FMLA) due to being subjected to intentional discrimination and retaliation. Plaintiff brings this action for injunctive and declaratory relief, compensatory damages, (back pay), attorneys' fees, costs and disbursements and other appropriate equitable and legal relief.

      2.      The Court has jurisdiction over defendants NEW YORK CITY DEPARTMENT OF EDUCATION pursuant to 42 U.S.C § 12117 and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2617. Plaintiff has commenced this action pursuant to the ADA and the FMLA. Plaintiff duly filed a formal complaint with the EEOC and a notice of right to sue letter was issued regarding his ADA claim. This case was commenced within 90 days of receipt conferring jurisdiction on this

2

Court.

3. Upon information and belief, Defendant Department of Education of the City of New York and the Board of Education of the City School District of the City of New York (hereinafter Defendant or DOE) are charged by law with responsibility for the operation, management and control of the New York City public education and is within the jurisdiction of this Court.

4. At all times relevant, Defendant employs more than fifty individuals and is thus an employer within the meaning of the ADA and the FMLA.

5. At all times relevant, Plaintiff Ronald Foreman was an employee within the meaning of the ADA and the FMLA.

6. Plaintiff has been deprived of equal employment opportunities in violation of the ADA and the FMLA.

7. Plaintiff has commenced this action pursuant to 42 U.S.C § 12117. Plaintiff duly filed a formal complaint with the EEOC and a notice of right to sue letter was issued by the EEOC and this case is commenced within 90 days of receipt of the right to sue letter conferring concurrent jurisdiction on this Court regarding the ADA claim. In addition, this case is commenced pursuant to 29 U.S.C. § 2617 regarding the FMLA claim.

8. Mr. Ronald Foreman is employed by the New York City Department of Education (DOE) as a Principal and was forced out on leave due to the DOE's denial of his reasonable accommodations request.

9. Mr. Foreman suffers from a disability to wit: neuropathy and migraines and HIV.

10. On or about July 16, 2015, Mr. Foreman emailed his secretary (Ms. Tolany) stating he would be out on medically certified absence from July 17, 2015 to July 31, 2015 due to his

3

chronic condition and the need for new medication.

11. During the 2015-2016 school year, Mr. Foreman had to take time off that was medically certified, (mostly for Doctors' appointments) and he had enough CAR in his bank to cover all the time utilized by him.

12. Regarding the accommodations, according to DOE procedure, Mr. Foreman must first contact his immediate supervisor regarding a reasonable accommodation request.

13. Pursuant to that procedure, on March 3, 2016, Mr. Foreman requested a reasonable accommodation to his immediate direct supervisor, Superintendent Fred Walsh to wit: Intermittent FMLA for doctors' appointments and the Mr. Foreman offered to make the time up that was used for the appointments.

14. In retaliation for Mr. Foreman requesting Family Medical Leave and requesting a reasonable accommodation pursuant to the ADA, he was subjected to an OSI investigation and was found guilty of an infraction related to the time he took off in the summer 2017 because he was more than 100 miles away from his home during that time. The OSI investigation was biased due to Mr. Foreman's disability and for requesting FMLA leave.

15. In further retaliation by the DOE, on April 22, 2016, the DOE (Superintendent Walsh) requested that Mr. Foreman have a fitness for duty examination claiming Mr. Foreman exhibited erratic behavior, inconsistent attendance and abrupt departures from school.

16. On May 9, 2016, Mr. Foreman submitted a report from his Neurologist and an MRI confirming that he was fit to work. Thereafter, Mr. Foreman also submitted a report from his primary care physician also stating that he was fit to work.

17. Since Mr. Foreman did not hear back from Superintendent Walsh regarding the

accommodation request, he forwarded an official accommodation request form on May 10, 2016.

18. To date, the Mr. Foreman has never heard back regarding his accommodation requests.

19. On May 11, 2016, Mr. Foreman was found not fit to work by the DOE.

20. On June 8, 2016, Mr. Foreman submitted a report from his primary care physician indicating he was fit to return to work (one can also gleam that he was HIV positive) and on June 10, 2016 form his Neurologist indicating the same.

21. Mr. Foreman was forced out for about a month.

22. Mr. Foreman received an ineffective rating for the 2015-2016 school year, primarily because he missed 23 days even though the days he was absences were for medically certified reasons and covered by his CAR and due to the failure to reasonably accommodate Mr. Foreman and grant him Family Medical Leave.

23. On or about September 27, 2016, Superintendent Walsh told Mr. Foreman talking to him was like talking to a corpse. He kept yelling at him.

24. On or about October 21, 2016, Mr. Foreman was asked to sign a stipulation to leave the DOE.

25. On January 13, 2017, Mr. Foreman requested FMLA and the request was denied.

26. Mr. Foreman requested a health sabbatical and in March 2017, the health sabbatical was denied.

27. Mr. Foreman then applied for a medical leave as of 1/3/17 to 6/30/17. Superintendent Walsh brought Mr. Foreman up on charges for not being at work. The DOE placed a new principal at his school and his deputy told Mr. Foreman to stay home.

28. However, the DOE reversed its initial decision and the Restoration of Health Leave was approved from 01/03/2017 to 06/30/2017.

29. Mr. Foreman also complained to the OEO about discrimination due to his disability and the DOE's failure to accommodate had also caused Mr. Foreman to take a leave that would not have been necessary if intermittent ADA and FMLA leave was granted.

30. Mr. Foreman requested an extension to his leave but was advised that he was going to be terminated and the leave was not going to be granted.

31. Plaintiff was advised that he was terminated and the termination would be backdated to July 2017.

32. As a result of the foregoing, the Department of Education of the City of New York and the Board of Education of the City School District of the City of New York violated the Americans with Disabilities Act and the Family Medial Leave Act by discriminating and retaliating against Mr. Foreman due to his disability, by failing to provide him with a reasonable accommodation, and retaliating against him for requesting an accommodation, and requesting FMLA and for complaining about discrimination.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

33. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

34. Based upon the foregoing, the defendants deliberately, intentionally and willfully violated the Family Medical Leave Act by interfering with the attempted exercise of his rights under the FMLA, 29 U.S.C. 2615 (a)(1) and retaliating against Plaintiff for requesting FMLA leave and by filing a complaint with the OEO that caused his termination.

35. As a result, plaintiff has been damaged by losing wages and benefits.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

36. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

37. As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities by terminating Plaintiff based upon Plaintiff's disability, and perceived disability in violation of the Americans with Disabilities Act 42 U.S.C. 12112.

38. As a result, Plaintiff has been damaged and is entitled to compensatory damages including but not limited to back pay and pain and suffering, and damage to Plaintiff's reputation.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

39. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. Plaintiff engaged in protected activity as defined by the ADA as delineated above by complaining internally about discrimination and requesting reasonable accommodations. Defendant retaliated against Plaintiff because the DOE failed to engage in an interactive process and Plaintiff's complaints of discrimination caused his termination.

41. As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities based upon retaliation in violation of the Americans with Disabilities Act 42 U.S.C. 12112.

42. As a result, Plaintiff has been damaged and is entitled to compensatory damages including but not limited to back pay and pain and suffering, and has irrevocably damaged Plaintiffs' reputation.

## **PLAINTIFF HEREIN DEMANDS A JURY TRIAL**

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants as follows:

A. Judgment be awarded including unpaid wages, salary, employment benefits and liquidated damages; (FMLA)

B. Judgment for pain and suffering and other compensatory damages including back pay. (ADA)

C. A declaration that Plaintiff's rights were violated under the ADA and FMLA and equitable relief including reinstatement, expunging unsatisfactory "U" ratings and letters to the file

D. A reasonable attorney's fee and disbursements for this lawsuit to be paid by Defendant; and

E. Such additional relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York  
December 14, 2017

Respectfully submitted,  
STEWART LEE KARLIN  
LAW GROUP, PC

 /s/ Stewart Lee Karlin,  
STEWART LEE KARLIN, ESQ.  
Attorney for Plaintiff  
111 John Street, 22nd Floor  
New York, NY  10038  
(212) 792-9670

## **VERIFICATION**

STATE OF NEW YORK   )

COUNTY OF NEW YORK)   ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated:  New York, New York
        December 14, 2017

                                        s/ Stewart Lee Karlin
                                        STEWART LEE KARLIN, ESQ.

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
       December 14, 2017

                                                  /Stewart Lee Kalrin
                                                  STEWART LEE KARLIN, ESQ.